UNITED CIGARETTE MACH. CO., Limited, v. WRIGHT.

(Circuit Court, E. D. North Carolina. August 24, 1907.)

INJUNCTION—RESTRAINING FOREIGN SUIT—COURT FIRST OBTAINING JURISDICTION.

Where the parties to a suit and the greater part of the property which is the subject of the litigation are within the jurisdiction of a court, it has power to enjoin the maintenance of a suit in a foreign country between the same parties and involving the same subject-matter, and will do so where it first obtained jurisdiction and all matters between the parties are being fully litigated before it. It is not a ground for the institution of a foreign suit by a defendant, involving the same issues in whole or in part, that complainant's witnesses refused to answer certain questions on their examination, since the court had full power to compel answers, if proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 38.]

In Equity. On motion to vacate restraining order.
See 132 Fed. 195.

Jas. H. Pou, for complainant.
F. H. Busbee and W. P. Bynum, for defendant.

PURNELL, District Judge. Defendant on notice moved to vacate the restraining order heretofore entered, and principally on the ground that certain officers of complainant corporation declined to answer certain questions or give information touching the agency and settlement set out, and involved in the original bill about transactions in North Africa, Asia, Malta, and adjacent islands. As the court reads the pleadings, these matters are involved in the original suit, and the mere fact that witnesses for complainant declined to answer certain questions cannot eliminate them therefrom. On proper complaint the witnesses would have been compelled to answer proper questions relating to the litigation.

The right of courts of equity to restrain litigants in other states or foreign countries is discussed very fully in High on Injunctions, vol. 1, §§ 103–107, inclusive. In the case at bar the jurisdiction and power of this court is admitted. Both plaintiff and defendant are within the reach and power of this court; the defendant residing within the jurisdiction of the court and within the territorial limits of this district. The suit here and the suit in England admittedly arose out of the contract between the complainant and defendant. Both suits involve matters growing out of Wright's agency. The suit here was instituted nearly three years before defendant attempted to institute a suit growing out of the same matter in England. Testimony had been taken. Accounts between the parties had been stated. The case was ready for argument before the master. Both complainant and defendant in their bills and cross-bills asked for a full and complete accounting, and complainant in a supplemental and amended bill asked for the termination of Wright's agency and a final settlement of all matters growing out of the agency. Very little of the property of either of the parties appears to be in the foreign country. The great bulk of complainant's property is at Lynchburg, Va., and of balance much more is situated at Dresden, in Saxony, than within the jurisdiction of the English court; complainant only maintaining an office and one director in England, with a sufficient deposit of money to comply with the laws of that country.

The parties are here; the property is here; the convenience of obtaining evidence is here. This suit was instituted first, and all matters possibly arising out of the contract were put in issue by the various pleadings filed in this court. The reason the defendant gives for instituting the suit in England is that certain witnesses for the complainant declined to answer questions. If the questions were material and relevant, this court had the power to require the answers, and on a proper showing would, as before said, require the witnesses to answer, and would require the complainant to furnish defendant any and all evidence material to enable this court to administer full justice. If defendant desired discovery from complainant, he had the power to file a cross-bill, with suitable interrogatories, and the court in a

proper case would have required the same to have been answered. From the authorities it appears to be well established that courts of equity can, and in a proper case ought to and will, restrain litigants in a foreign court. The instances are numerous, and the equity is clear and well established. There is one instance where the authorities lay it down as a duty of a court of equity to restrain litigants in a foreign state or country, and that is where the matter is being fully litigated in the court to which the application for injunctive relief is made. No court allows another court to take possession of a controversy of which the first court has assumed full jurisdiction.

The motion to modify or vacate is overruled.